J-S73015-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| OMAR ANGELERO COLON, JR., | : | |
| | : | |
| Appellant | : | No. 621 MDA 2017 |

Appeal from the Judgment of Sentence March 7, 2017
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003592-2016,
CP-36-CR-0006001-2015

BEFORE: OLSON, DUBOW, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:          **FILED APRIL 02, 2018**

While I agree with the ultimate result reached by the Majority, I disagree with its conclusion that the trial court did not err when it denied Appellant's motion to suppress.

Here, the Majority affirms Appellant's judgment of sentence based upon the reasoning set forth in the trial court's opinion.  Therein, the trial court noted that there was no dispute that Appellant's statement were made while he was in custody and without the benefit of **_Miranda_**[1] warnings.   Trial Court Opinion, 6/15/2017, at 7.  Thus, the inquiry was not whether Appellant was

---

[1] **_Miranda v. Arizona_**, 384 U.S. 436 (1966).

*Retired Senior Judge assigned to the Superior Court.

properly advised of his rights, but whether Appellant's statement "was elicited in response to an interrogation." *Id.*

The trial court determined that Appellant's statement he didn't "know what this is about. I didn't shoot anybody, it was a firecracker … they're not going to testify anyway…" was not made during an interrogation, citing two cases to support its finding. *See Commonwealth v. Petrino*, 480 A.2d 1160 (Pa. Super. 1984) (holding that no custodial interrogation took place when, while being processed, Petrino asked the detective if he wanted to know what had taken place on the date in question; when the detective replied "oh yes," Petrino gave an incriminating response); *Commonwealth v. Brantner*, 406 A.2d 1011 (Pa. 1979) (finding Brantner was not subjected to a custodial interrogation when, during booking, in response to the sheriff telling Brantner "Hi [Brantner]. Apparently we have a little problem, and I need to take your photograph," Brantner responded with an admission that he had "shot those two people"). Here, Appellant's statement was neither unprompted, as in *Petrino,* nor was the response gratuitous considering the statement made by the officer as in *Brantner*.

Rather, I find this case to be closer to *Commonwealth v. Snyder*, 60 A.3d 165 (Pa. Super. 2013), which the trial court rejected and distinguished as dissimilar. In *Snyder*, the defendant

> was subjected to the functional equivalent of an interrogation
> when [the d]etective explained to [defendant] that a warrant for
> his arrest had been issued for obstructing the administration of

- 2 -

law, told [defendant] about the statements against him that his supervisors had made to the police, informed [defendant] that police had interviewed the people involved, including the people [defendant] had told about the impending search warrants, and informed [defendant] that the police had received written statements incriminating [defendant].

*Id.* at 172.

In the instant case, Detective Lockhart entered the processing room where Appellant was being held following his arrest, advised Appellant that he was the officer who filed the charges against Appellant, and relayed to Appellant that he wanted to speak with him about the incident. Majority Memorandum at 3-4. Considering the circumstances, the Detective's statements presented a real possibility that Appellant would make an admission or incriminating response. *See Commonwealth v. Fisher*, 769 A.2d. 1116, 1125 (Pa. 2001) ("Interrogation occurs when the police should know that their words or actions are reasonably likely to elicit an incriminating response, and the circumstances must reflect a measure of compulsion above and beyond that inherent in custody itself.") (internal citation omitted); *Commonwealth v. Gaul*, 912 A.2d 252, 256 (Pa. 2006) ("Merely because a police officer intended the encounter to be informational does not mean that it could not also constitute an interrogation.").

Nonetheless, despite the foregoing, based upon the overwhelming evidence presented at trial, I believe the trial court's error in failing to suppress Appellant's statement was harmless. Thus, I respectfully concur.